

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2004

# USA v. Garvin

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1693

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Garvin" (2004). *2004 Decisions*. Paper 971.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/971

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1693
_____

UNITED STATES OF AMERICA

v.

KYLE GARVIN,
*Appellant*

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 02-cr-00682-1)
District Judge: Honorable Michael M. Baylson

_____

Submitted February 26, 2004
Before: RENDELL, BARRY, and BECKER, *Circuit Judges*.

(Filed: February 27, 2004)

_____

OPINION

_____

BECKER, *Circuit Judge*.

Kyle Garvin appeals from the judgment in a criminal case entered on a jury verdict

finding him guilty on four counts of an indictment charging possession of a firearm in

furtherance of a drug trafficking crime, 18 U.S.C. § 924(c); possession with intent to

distribute cocaine base, 21 U.S.C. §§ 841(a)(1)and (b)(1)(C); possession with intent to

distribute marijuana, 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The District Court imposed a sentence of 106 months imprisonment, a term of supervised release of five years, a $500.00 fine, and a special assessment of $400.00. This timely appeal followed. The facts and procedural history are well known to the parties and we will not rescribe them here. Suffice it to say for present purposes that Garvin was arrested by Philadelphia police officers at night following a chase on foot during which government witnesses testified that he threw away certain evidence; Garvin denied having done so. When he was apprehended, he possessed a large amount of cash in certain described denominations.

Garvin presents two issues on appeal. First, he contends that the District Court abused its discretion in allowing the prosecutor to use $623.00 in United States currency as demonstrative evidence during closing argument when the currency was not the actual currency taken from Garvin, no physical currency was introduced into evidence during trial, and, in his submission, the prejudicial value substantially outweighed its probative value in that it was misleading. Second, Garvin submits that the District Court abused its discretion in admitting certain photographs into evidence where the prejudicial value substantially outweighed the probative value in that the photographs were misleading as they were taken during broad daylight and the incident occurred at night. We find no merit in either argument.

2

During the trial, evidence was presented that $623.00 in United States currency, in specifically identified denominations, was recovered from Garvin upon his arrest. During closing arguments, the government used United States currency, in the exact denominations recovered from Garvin, to demonstrate what that amount of United States currency in those denominations looks like. Since the money was in the same denominations recovered from Garvin, it gave the jury a fair approximation of the size of the bundle of money that Garvin was carrying upon his arrest.[1] In using the demonstrative aid, the government made it clear to the jury that although the money was in the same denominations, it was not the exact money seized from Garvin.

It was within the District Court's discretion to permit the use of demonstrative exhibits during a summation to give the jury a better understanding. *See*, *e.g.*, *United States v. De Peri*, 778 F.2d 963, 979 (3d Cir. 1985), where we held that the District Court did not abuse its discretion in permitting the prosecutor to use a chart during the opening statement. There was no abuse of discretion here, and no prejudice to Garvin.

Neither did the District Court abuse its discretion in admitting as evidence government photographs of the crime scene, foot chase area, and scene of Garvin's arrest.

---

[1]Garvin argues that
> The same denominations and total dollar amount may look like a significantly larger pile of money depending on how crumpled the money was and how much use and/or abuse the cash had. As the government never proved the volume of this cash, it was extremely prejudicial for the government to be permitted to use this case for demonstration during closing argument.

We are unpersuaded.

The photographs, although taken during the day when the crimes were committed at night, fairly and accurately depicted the relevant scene. Moreover, counsel for the defendant extensively cross-examined government witnesses regarding the differences between the photos and way the crime scene actually appeared on the night of the crime (e.g., that it was nighttime, not daytime). Additionally, on both direct and cross-examination, detailed testimony was provided regarding the general conditions during the surveillance, including the level of visibility, whether cars were moving back and forth on the street, how far the surveillance officer was from Garvin at the time he observed him, and the type and strength of binoculars used by the surveillance officer.

We have carefully considered Garvin's argument that the photos were misleading to the jury in that they suggested that the officers conducting surveillance on the night Garvin was arrested had a clearer view than they actually had. A similar argument was rejected in *United States v. Crockett*, 49 F.3d 1357, 1359-60 (8th Cir. 1995) (no abuse of discretion in admitting photograph of crime scene taken during daylight when crime occurred at night).

Under these circumstances we do not believe that the jury was misled. The photographs were accurate and helped the jury to perceive what was where and to get a sense of the distances involved. To that extent they were helpful. Fed.R. Evid. 401, 402. Moreover, inasmuch as the jury knew their limitations, there was no prejudice.

The judgment of the District Court will be affirmed.

4